IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Grace Dibiase, | ) | Civil Action No.: 1:09-cv-00338-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Commissioner of the Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff, Grace Dibiase, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her claim for disability insurance benefits ("DIB").

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of that Act provides: "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotations and citations omitted). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See, e.g., Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299, 302 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v.*

*Richardson*, 483 F.2d 773, 775 (4th Cir. 1973). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assume that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

Plaintiff applied for DIB in September of 2003, alleging disability since June of 2003 due to fibromyalgia, osteoarthritis, and a depressive disorder, among other things. Plaintiff was born in 1944 and was 60 years old at the time of the hearing before the administrative law judge ("ALJ"). Plaintiff completed the eleventh grade and has obtained her GED. Plaintiff also has taken classes in trade school and college, but has never obtained a post-secondary degree. Her past work experience includes employment with Waste Management.

Plaintiff's claims were denied initially and on reconsideration. Plaintiff requested a hearing before an ALJ, which was held on June 2, 2005. The ALJ thereafter issued a decision on September 26, 2006, finding Plaintiff was not disabled within the meaning of the Act. The Appeals Council denied Plaintiff's request for further review on January 6, 2009, and the ALJ's findings became the final decision of the Commissioner. On February 10, 2009, Plaintiff filed the present action seeking judicial review of the Commissioner's decision.

In her appeal to the district court, Plaintiff asserted that the ALJ decision should be reversed and remanded for proper adjudication of her claims on the basis that the ALJ failed to provide sufficient rationale for his decision regarding the combined effects of Plaintiff's multiple impairments, to properly weigh lay evidence, to conduct a flawless functional capacity assessment, and to give sufficient weight from acceptable medical sources. Plaintiff's Brief

[Docket Entry 13] at 1.

Under the Social Security Act, Plaintiff's eligibility for the benefits she is seeking hinges on whether she is under a "disability." 42 U.S.C. § 423(a). The term "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." *Id.* § 423(d)(1)(A). "The ultimate burden to prove disability lies on the claimant." *Preston v. Heckler*, 769 F.2d 988, 991 n.* (4th Cir. 1985). A claimant may establish a *prima facie* case of disability based solely upon medical evidence by demonstrating that her impairments meet or equal the medical criteria set forth in Appendix 1 of Subpart P. 20 C.F.R. § 404.1520(d).

If such a showing is not possible, a claimant may also establish a *prima facie* case of disability by proving that she could not perform her customary occupation as the result of physical or mental impairments. *See Taylor v. Weinberger*, 512 F.2d 664 (4th Cir. 1975). Because this approach is premised on the claimant's inability to resolve the question solely on medical considerations, it then becomes necessary to consider the medical evidence in conjunction with certain "vocational factors." 20 C.F.R. § 404.1560(b). These factors include the individual's (1) "residual functional capacity," *id.* § 404.1560; (2) age, *id.* § 404.1563; (3) education, *id.* § 404.1564; (4) work experience, *id.* § 404.1565; and (5) the existence of work "in significant numbers in the national economy" that the individual can perform, *id.* § 404.1560. If the assessment of the claimant's residual functional capacity leads to the conclusion that he can no longer perform his previous work, it must be determined whether the claimant can do some other type of work, taking into account remaining vocational factors. *Id.* § 404.1560. The

interrelation between these vocational factors is governed by Appendix 2 of Subpart P. Thus, according to the sequence of evaluation suggested by 20 C.F.R. § 404.1520, it must be determined: (1) whether the claimant is currently gainfully employed, (2) whether he suffers from some physical or mental impairment, (3) whether that impairment meets or equals the criteria of Appendix 1, (4) whether, if those criteria are not met, the impairment prevents him from returning to his previous work, and (5) whether the impairment prevents him from performing some other available work.

The ALJ made the following findings in this case:

(1) The claimant meets the insured status requirements of the Social Security Act through September 30, 2007.

(2) The claimant has not engaged in substantial gainful activity since June 30, 2003, the amended alleged onset date (20 CFR 404.1520(b) and 404.1571 *et seq.*).

(3) The claimant has the following severe impairments: degenerative joint disease of the cervical and lumbar spine, fibromyalgia (myofascial pain syndrome), osteoarthritis of the hands, and a depressive disorder with anxiety (20 CFR 404.1520(c)).

(4) The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

(5) After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work activity. Specifically, the claimant can lift and carry 50 pounds occasionally and 10 pounds frequently and can stand for 6 hours out of an 8-hour workday, walk for 6 hours out of an 8-hour workday, and sit for 6 hours out of an 8-hour workday. The claimant is further limited to frequent climbing of stairs and ramps; no climbing of ladders, scaffolds and ropes; frequent balancing, stooping, kneeling, and crouching; occasional overhead reaching; and frequent fingering. Due to her mental condition, the claimant is limited to a job in a low stress environment with

4

only occasional changes in the work setting and only occasional direct contact with other people.

(6) The claimant is unable to perform any past relevant work (20 CFR 404.1565).

(7) The claimant was born on October 11, 1944 and was 58 years old on the alleged disability onset date, which is defined as an individual of advanced age (20 CFR 404.1563).

(8) The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

(9) Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled", whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

(10) Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c) and 404.1566).

Pursuant to Local Rule 73.02(B)(2)(a) (D.S.C.) this action was referred to United States Magistrate Judge Shiva V. Hodges. The Magistrate Judge filed her [Docket Entry 22] Report and Recommendation on June 15, 2010. In her Report, the Magistrate Judge recommended that the court should reverse and remand the Commissioner's decision "under sentence four of 42 U.S.C. § 405(g) for additional consideration." Report at 29. Defendant timely filed objections to the Report on June 29, 2010. *See* Obj. [Docket Entry 24]. Plaintiff did not file any objections.

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the

court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

**Combined Effect of Impairments**

In her Report, the Magistrate Judge agreed with Plaintiff that "the ALJ did not provide sufficient reasoning to support his finding that Plaintiff did not suffer a combination of impairments that rendered her disabled." Report at 19. Therefore, the Magistrate Judge "recommended that the [ALJ's] decision [should] be remanded to the ALJ so that he [could] examine the combined effect of all of Plaintiff's impairments, severe and non-severe, and, in the decision on remand, explain his evaluation of the combined effect of Plaintiff's multiple impairments." *Id.* at 23.

Defendant objected to this above recommendation. Defendant contends that the ALJ did, in fact, consider Plaintiff's impairments in combination throughout the sequential evaluation process. Obj. at 1. For example, Defendant contends that:

> At step two of the sequential process, the ALJ found Plaintiff had a combination of impairments that were "severe," i.e., degenerative joint disease of the cervical and lumbar spine, fibromyalgia (myofascial pain syndrome),

osteoarthritis of the hands, and depressive disorder with anxiety (Tr. 19, Finding 3). Then, at step three, the ALJ explicitly found that Plaintiff did not have "an impairment *or combination of impairments*" that met or equaled any impairments in the listings (Tr. 20, Finding 4) (emphasis added). Indeed, after discussing the individual impairments, the ALJ reiterated this statement, stating that Plaintiff's impairments "either singly *or in combination*," did not impose disabling restrictions. (Tr. 21) (emphasis added).

Obj. at 1-2. Essentially, Defendant argues that "[w]hile the ALJ did discuss the impairments and associated work-related limitations in turn, this does not mean he failed to consider all of Plaintiff's impairments in combination." *Id.* at 2. In making this argument, Defendant cites decisions from three other Circuit Courts of Appeals. Finally, Defendant argues that "[i]n requiring the ALJ to do a separate analysis of the impairments 'in combination,' the Magistrate Judge's Report emphasizes form over substance." *Id.* at 3.

Upon review, the Court overrules Defendant's objection and adopts this recommendation of the Magistrate Judge. Under 20 C.F.R. § 404.1523, the ALJ must consider the combined effect of all impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. When dealing with a claimant with more than one impairment, the Commissioner "must consider the combined effect of a claimant's impairments and not fragmentize them." *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989). "As a corollary to this rule, the ALJ must adequately explain his or her evaluation of the combined effects of the impairment." *Id.* (citing *Reichenbach v. Heckler*, 808 F.2d 309, 312 (4th Cir. 1985)).

A review of the ALJ decision–specifically, for example, the discussion involving the ALJ's fourth finding– reveals that the ALJ discussed Plaintiff's degenerative joint disease of the cervical and lumbar spine, fibromyalgia (myofascial pain syndrome), osteoarthritis of the hands, and depressive disorder with anxiety, but did not discuss her impairments in combination as

required. The ALJ's discussion is fragmentized, *see*, *e.g.*, *Alonzeau v. Astrue*, No. 0:06-2926-MBS-BM, 2008 WL 313786 (D.S.C. Feb. 1, 2008), and his decision fails to meet the Fourth Circuit's standard for analyzing and explaining the combined impact of all of Plaintiff's impairments, as enunciated in *Walker v. Bowen*.[1]

Accordingly, the Court adopts the recommendation of the Magistrate Judge and remands the ALJ's decision so that the ALJ can examine and adequately explain the combined effect of all of Plaintiff's impairments.[2]

**Weight of the Lay Evidence**

Plaintiff alleges that the ALJ improperly ignored lay evidence offered by Ms. Narma Daig and Ms. Peggy Davis. Plaintiff's Brief at 18. In her Report, the Magistrate Judge disagreed, and

---

[1] In *Walker*, the Fourth Circuit held that:

> The ALJ found that although the claimant suffered from numerous ailments, he did not have an impairment or combination of impairments listed in, or medically equal to, one listed in Appendix 1, Subpart P, Reg. No. 4. This finding in itself, however, is not sufficient to foreclose disability. . . .
>
> . . . It is axiomatic that disability may result from a number of impairments which, taken separately, might not be disabling, but whose total effect, taken together, is to render claimant unable to engage in substantial gainful activity. In recognizing this principle, this Court has on numerous occasions held that in evaluating the [the effect of] various impairments upon a disability benefit claimant, the Secretary must consider the combined effect of a claimant's impairments and not fragmentize them. . . .
>
> As a corollary to this rule, the ALJ must adequately explain his or her evaluation of the combined effects of the impairments. . . . In this case, the ALJ did not comply with these requirements and the claimant is entitled to have his claim remanded for proper consideration.

889 F.2d at 49-50 (internal citations omitted).

[2] In doing so, the Court also rejects Defendant's argument that "the ALJ's separate discussion of [the] claimant's impairments and the other evidence of record was sufficient to show that the ALJ had sufficiently considered the impairments in combination." Obj. at 2. The law in the Fourth Circuit precludes any such argument. In *Walker*, the Fourth Circuit overturned the decision of the ALJ because, although the ALJ "discussed each of claimant's impairments[, he] failed to analyze the cumulative effect the impairments had on the claimant's ability to work." *Walker*, 889 F.2d at 49.

8

held that "[t]he ALJ was not required to set out in detail the consideration he gave (or did not give) the statements of Ms. Daig and Ms. Davis." Report at 25. Plaintiff did not file objections to the Magistrate Judge's Report. Accordingly, the Court has reviewed this recommendation for clear error only, and finds none. *See Diamond*, 416 F.3d at 315.

**Residual Functional Capacity Assessment**

In her Report, the Magistrate Judge stated the following:

> In light of the recommendation of remand for additional consideration and discussion of Plaintiff's severe and non-severe impairments in combination, the ALJ's findings as to Plaintiff's RFC assessment may change, and further findings are appropriate to supplement the RFC analysis. Therefore, it is unproductive to separately address the assessed error at this time.

Report at 25. Neither party objected to this recommendation. Accordingly, the Court has reviewed this recommendation for clear error, and finds none. *See Diamond*, 416 F.3d at 315.

**Weight and Credibility of Treating Medical Sources' Opinions**

Plaintiff's last allegation is that the ALJ erred by affording "no weight" to the opinions of Plaintiff's treating medical sources–Dr. Bray, Dr. Blakely, and Ms. Blaydes. Plaintiff's Brief at 23.

While the Magistrate Judge agreed with Defendant's contention that "the ultimate question of whether a claimant is 'disabled' under the statutory and regulatory scheme is one for [the] Commissioner, not for medical sources," Report at 27, the Magistrate Judge ultimately found the following:

> Plaintiff's treating physician Dr. Bray is on record that Plaintiff's medical condition requires 'collective' focus by multiple medical professionals. In view of the ALJ's failure to consider and explain his findings as relate to all of Plaintiff's impairments in combination as discussed above, the undersigned recommends that, upon remand, the ALJ consider all of Plaintiff's impairments in

combination and re-examine Dr. Bray's opinions in light of the combination of impairments. On remand, the ALJ's consideration of Plaintiff's impairments–both severe and non-severe–should be examined as required by the Fourth Circuit's direction in *Walker* and as Dr. Bray's letter about Plaintiff's treatment implies.

Report at 29. In conclusion, the Magistrate Judge recommended that "[o]n remand, the ALJ should consider the record as a whole–all medical records and opinions, including those of Dr. Bray–when evaluating Plaintiff's severe and non-severe impairments in combination."

Neither party specifically objected to this recommendation. *See Diamond*, 416 F.3d at 315. Regardless, the Court adopts this recommendation of the Magistrate Judge for the same reasons already set forth above in this Order.

### Conclusion

For the reasons set forth above and by the Magistrate Judge, the Court hereby overrules Defendant's objections and adopts and incorporates by reference the Report and Recommendation of the Magistrate Judge. The Commissioner's decision is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and the case is **REMANDED** to the Commissioner for further proceedings as set forth herein.

**IT IS SO ORDERED.**

    s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
August 5, 2010