IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Grace Dibiase, | ) | Civil Action No. 1:09-338-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On October 1, 2010, the plaintiff filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 42 U.S.C. § 2412, on the basis that the position taken by the defendant in this action was not substantially justified. Defendant filed a response on October 14, 2010, indicating that he opposes the plaintiff's request for fees on the basis that the defendant's position was substantially justified in the case. Plaintiff filed a Reply on October 23, 2010.

Under the EAJA, a court shall award attorney's fees to a prevailing party in certain civil actions against the United States unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The government bears the burden of showing substantial justification. Thompson v. Sullivan, 980 F.2d 280 (4th Cir. 1992). The district courts have discretion to determine a reasonable fee award and whether that award should be made in excess of the statutory cap. Pierce v. Underwood, 487 U.S. 552 (1988); May v. Sullivan, 936 F.2d 176, 177 (4th Cir. 1991).

The standard to be applied in determining whether the Commissioner was "substantially justified" for purposes of determining whether award of attorney's fees under the EAJA is warranted, is whether there was arguably substantial evidence to support the Commissioner's position, not whether there was some evidence to support the position. Anderson v. Heckler, 756 F.2d 1011 (4th Cir. 1984).

> The government's position must be substantially justified in both fact and law. . . In other words, favorable facts will not rescue the government from a substantially unjustified position on the law; likewise, an accurate recital of law cannot excuse a substantially unjustified position on the facts. After prevailing in the underlying suit, a petitioner may rely on either a prelitigation position or a position taken during litigation as a predicate for fees. However, where the government's unjustified prelitigation position forces the petitioner to institute the suit, the government is liable for fees for the whole suit, notwithstanding that it asserts justifiable positions in the various subsidiary disputes that may arise during litigation.

Thompson v. Sullivan, 980 F.2d at 281-282.

While the remand of an agency decision for further proceedings does not always mean that the agency's actions were not substantially justified, this court believes on the record before it that the defendant's actions were not substantially justified and that an award of attorney's fees is appropriate. This Court adopted the Report of the Magistrate Judge and remanded the case for further administrative proceedings to evaluate the combined effect of all of the plaintiff's impairments and to consider all of the medical records and opinions, including those of Dr. Bray. The Commissioner failed to adhere to Social Security regulations and Fourth Circuit precedent in Walker v Bowen, 889 F.2d 47 (4th Cir. 1989) regarding the proper method by which an ALJ is to analyze the situation presented by a claimant with combined impairments. The Commissioner's disagreement with Walker does not provide substantial justification for its failure to follow it. *See* Anderson v. Heckler, 756 F.2d 1011, 1013 (4th Cir. 1985).

On the basis of the above, the Court finds the position of the government was not substantially justified. Based on the foregoing and after consideration of the briefs and affidavits submitted, the court overrules the defendant's response to the plaintiff's motion for attorney's fees. The court so Orders the defendant to pay plaintiff the sum of $4150.87 in attorney's fees representing 25.40 hours of attorney time at a rate of $163.42 per hour.

**IT IS SO ORDERED**.

                                                                            s/ R. Bryan Harwell
                                                                           R. Bryan Harwell
                                                                           United States District Judge

October 29, 2010
Florence, South Carolina